**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4121**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE RICE,

Defendant - Appellant.

───────────

**No. 03-4233**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE RICE,

Defendant - Appellant.

───────────

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-8599)

───────────

Submitted:  July 19, 2006          Decided:  September 20, 2006

───────────

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andre Rice pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 210 months of imprisonment. Rice's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there were no meritorious grounds for appeal, but raising an issue as to whether the district court erred in denying Rice's motion to withdraw his guilty plea. Because the Rule 11 proceeding was adequate, and Rice failed to provide a fair and just reason to withdraw his guilty plea, we found no abuse of discretion by the district court in its failure to allow the withdrawal. Accordingly, we affirmed Rice's conviction and sentence. See United States v. Rice, 85 F. App'x 336 (4th Cir. 2004) (Nos. 03-4121/4233). On March 21, 2005, the Supreme Court granted Rice's petition for a writ of certiorari, vacated this court's judgment, and remanded to this court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Rice v. United States, 544 U.S. 917 (2005). Prior to the filing of supplemental briefs, the Government filed a consent motion to remand.*

Rice's sentence was imposed before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296

---

*Because we are able to determine from the record whether any Booker error occurred, we have proceeded with the appeal without requiring supplemental briefs.

(2004), and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by him. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

Rice stipulated that he was responsible for at least 500 grams, but less than 1.5 kilograms of cocaine base. Based on this stipulation, the probation officer assessed, and the district court applied, a base offense level of 36, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) (2001). The district court also applied an additional two level enhancement under USSG § 3C1.1 for obstruction of justice because Rice failed to appear for his sentencing. However, the probation officer gave Rice a three-level reduction for acceptance of responsibility under USSG § 3E1.1(a), (b). Based on a total offense level of 35 and a criminal history category of III, Rice's guideline range was 210 to 262 months of imprisonment. The court sentenced Rice to 210 months of imprisonment.

For purposes of determining Booker error, this court considers the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Using this calculation with criminal history category III, Rice's

offense level would have been 36 and his guideline range 235 to 293 months of imprisonment.  Because Rice's sentence was below that range, he cannot show plain error with respect to the two level enhancement.

While the mandatory application of the Sentencing Guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir.), cert. denied, 126 U.S. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'"  Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).  The record does not indicate that the district court wished to impose a sentence lower than the 210-month sentence Rice was given.  Therefore, he cannot show that he was prejudiced by the district court's erroneous application of the guidelines as mandatory.

Accordingly, we affirm the sentence imposed by the district court and deny the motion to remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED